J-S85012-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HERBERT BENSON | : | |
| | : | |
| Appellant | : | No. 542 WDA 2017 |

Appeal from the PCRA Order March 16, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000788-2010

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    FILED MAY 21, 2018

Herbert Benson appeals from the order[1] that dismissed without a
hearing his first PCRA petition.  In this Court, Appellant's counsel has filed a
motion to withdraw and a brief pursuant to Anders v. California, 386 U.S.
738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009),[2]

_____

[1] The order is dated March 15, 2017, but was not filed until March 16, 2017.
We have amended the appeal paragraph accordingly.

[2] When counsel seeks to withdraw in a PCRA case, the proper filing is a letter
or brief pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988),
and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc),
rather than an Anders brief.  "However, because an Anders brief provides
greater protection to a defendant, this Court may accept an Anders brief in
lieu of a Turner/Finley letter."  Commonwealth v. Reed, 107 A.3d 137,
139 n.5 (Pa.Super. 2014) (internal quotation marks omitted).

and Appellant has filed a pro se response. We affirm the order and grant counsel's motion.

Appellant, represented by appointed counsel, entered a negotiated guilty plea to third-degree murder and other charges in exchange for a sentence of twenty to forty years incarceration on the murder count and no further penalties on the remaining counts. The trial court accepted the plea and imposed the sentence on October 2, 2011. On October 12, 2011, although plea counsel had not been granted leave to withdraw, Appellant filed a pro se motion to withdraw his plea and for the appointment of counsel. The trial court appointed new counsel and scheduled a hearing. However, Appellant decided to withdraw his motion, as is recorded in a court order filed on November 7, 2011.

No further action was taken in Appellant's case until he filed a pro se motion for transcripts on August 28, 2015. As there was no matter pending at the time, the trial court denied the motion. On May 3, 2016, Appellant filed a pro se PCRA petition in which he claimed that his plea was not knowing, voluntary, or intelligent based upon the numerous medications he was on at the time, and that plea counsel coerced him into taking the plea. PCRA Petition, 5/3/16, at 3. The PCRA court appointed counsel, who filed an amended petition stating two claims of plea counsel ineffectiveness. Amended PCRA Petition, 12/22/16, at unnumbered 7. The Commonwealth filed an answer, urging that the trial court dismiss the petition as untimely

filed. The PCRA court filed a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, advising Appellant that he had twenty days to respond. Appellant filed no response.

The PCRA court dismissed Appellant's petition by order entered March 16, 2017. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. As noted above, Appellant's counsel filed in this Court a motion to withdraw and no-merit brief, and Appellant filed a pro se response. Thus, before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of Turner and Finley.

> Turner/Finley counsel must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with

counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007) (citations omitted).

Counsel has detailed her review of the case, discussed the issues raised in Appellant's amended petition, and explained why they lack merit. She has also forwarded a copy of her motion and brief to Appellant, and advised him of his relevant rights. Accordingly, we are satisfied that counsel has substantially complied with the technical requirements of Turner and Finley. Therefore, we will review the merits of the issues contained in counsel's brief, as well as the arguments raised by Appellant in his pro se response.

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013) (quoting Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa.Super. 2011)).

Both the PCRA court in its opinion, and PCRA counsel in her no-merit brief, contend that Appellant's petition was properly dismissed as untimely. We thus begin by noting that the timeliness of a post-conviction petition is

jurisdictional. Commonwealth v. Lewis, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within sixty days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1), (2).

Appellant's judgment of sentence became final in 2011 when he failed to file a direct appeal. 42 Pa.C.S. § 9545(b)(3). Appellant's PCRA petition filed in 2016, therefore, is facially untimely. Neither Appellant's pro se petition nor the amended petition filed by counsel alleged a timeliness exception. As such, it appears that the PCRA court properly dismissed Appellant's petition as untimely.

In his pro se response to counsel's no-merit letter, Appellant argues that the following timeliness exception is applicable to his petition: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Appellant's supplemental brief at 3 (quoting 42 Pa.C.S. § 9545(b)(1)(ii)).

As this Court has explained,

> [t]he timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he

could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa.Super. 2010) (citations omitted).

In an effort to demonstrate his ability to satisfy this exception, Appellant argues that he spoke on April 14, 2016, with Robert Stringer, another inmate "who frequently helps inmates with legal assistance." Appellant's supplemental brief at 2. After Appellant informed Mr. Stringer of the circumstances of Appellant's case and his mental health issues, Mr. Stinger enlightened Appellant to case law concerning manslaughter and diminished capacity. Id. at 3. "At that moment [A]ppellant realized that his plea counsel gave him bad advice and had counsel informed him of this he would not have pled guilty and opted to go to trial." Id. Appellant then filed his PCRA petition within sixty days of his conversation with Mr. Stringer. Appellant thus claims that PCRA counsel was ineffective in failing to consult with him about these facts and to raise them to overcome the PCRA's timeliness requirements. Id. at 5.

To the extent that Appellant's pro se response complains of PCRA counsel's performance, we note that, once his notice of appeal was filed, Appellant lost the ability to litigate in the instant action the effectiveness of PCRA counsel. Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa.Super. 2014) (en banc) ("[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal.").

Even if we were to consider whether Appellant can satisfy the newly-discovered-fact exception outlined in § 9545(b)(1)(ii) by showing that he was unaware of counsel's failure to pursue defenses related to Appellant's mental health until Mr. Stringer so informed him, he is entitled to no relief. Our Supreme Court has rejected similar attempts to circumvent the PCRA's timeliness requirements by asserting that a review of the case by a new person had only recently informed the petitioner that prior counsel had been ineffective. In Commonwealth v. Gamboa-Taylor, 753 A.2d 780 (Pa. 2000), the petitioner argued that the subsection 9545(b)(1)(ii) exception was met where he filed his petition within sixty days of his new attorney's review of his file and resultant discovery of prior counsel's ineffectiveness. The Court found Gamboa-Taylor's

> attempt to interweave concepts of ineffective assistance of counsel and [newly-discovered facts] as a means of establishing jurisdiction is unconvincing. Although [Gamboa-Taylor] formulates his assertions here in terms of the discovery of new facts not previously known to him, it is readily apparent that [his] argument, at its essence, is a claim for ineffective assistance of PCRA counsel layered on top of trial counsel's ineffectiveness. This Court has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. Nevertheless, hoping to gain the benefit of the exception, [Gamboa-Taylor] fashions the argument that the basic facts concerning PCRA counsel's representation, which allegedly highlight that PCRA counsel was ineffective, were not known to [Gamboa-Taylor] until current counsel reviewed the file. However, subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered "fact" entitling [Gamboa-Taylor] to the benefit of [§ 9545(b)(1)(ii)]. In sum, a conclusion that previous counsel was ineffective is not

the type of [newly-discovered fact] encompassed by the exception.

Id. at 785 (citations omitted). Applying this holding to the instant case, it is clear that Appellant's conversations with Mr. Stringer cannot satisfy his burden under § 9545(b)(1)(ii) and (b)(2).

Therefore, the PCRA court properly determined that Appellant's PCRA petition was untimely filed and failed to satisfy an exception to the timeliness requirements. The PCRA court was thus without jurisdiction to entertain the merits of Appellant's PCRA claims, and properly dismissed the petition without a hearing. Accordingly, we agree with counsel that Appellant has no meritorious claims, and grant her leave to withdraw.

Motion of Rachael Santoriella, Esquire, to withdraw as counsel is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2018

- 8 -